243 F.2d 401
 Charles F. GREEN, individually and as claimant of the Oil
Screw Motor Vessel EVELINA, Appellant,
v.
Francis B. CROW, Administrator of the Estate of Edward A.
Tresnak, deceased, Appellee.
 No. 16260.
 United States Court of Appeals Fifth Circuit.
 April 9, 1957.
 
 Douglas D. Batchelor, Cromwell A. Anderson, Miami, Fla., Smathers, Thompson & Dyer, Miami, Fla., for appellant.
 John P. Corcoran, Jr., Tampa, Fla., William E. Henson, Jr., Tampa, Fla., advocates, Brown, Brown & Corcoran, Tampa, Fla., for appellee.
 Before TUTTLE, JONES and BROWN, Circuit Judges.
 JONES, Circuit Judge.
 
 
 1
 Francis B. Crow as Administrator of the Estate of Edward A. Tresnak, deceased, owned the Shrimp Trawler Edward T. Charles F. Green owned the Shrimp Trawler Evelina. The vessels, with other shrimp trawlers, were in the waters off the coast of Yucatan about 9:30 P.M. on December 5, 1955. Visibility was good. The Edward T was trawling in a northwesterly direction with its shrimp nets out, moving three to four knots an hour. The Evelina was moving easterly at a speed of approximately ten knots an hour. The Evelina was operating on an automatic pilot. The master was in the galley having a cup of coffee. The other two members of the crew were asleep. The captain of the Edward T saw the Evelina coming down on him. He put his spotlight on the wheel house of the Evelina and saw nobody at the wheel. He testified:
 
 
 2
 'Well, after I see him coming down on me, and he got close enough on me that I could put my spotlight in his window and I couldn't see no one in the wheel house, and I realized that if I didn't do something or he didn't do something there was going to be a collision; so to keep from hitting my stern I swung to the port side hard so he could go across my stern. I swung to my left, to port.'
 
 
 3
 The Evelina collided with the Edward T, with the bow of the Evelina striking the other vessel just aft of its bow. The owner of the Edward T libeled the Evelina for the damage sustained. The district court found that the Evelina was solely at fault and that it was grossly negligent. It held that where the gross negligence of one vessel was wholly sufficient to account for the collision, but the other vessel may have committed a minor technical fault, doubt as to the latter vessel's conduct will be resolved in her favor. It was held that the action of the Edward T was in extremis, made in order to attempt avoiding a collision, and is not to be regarded as a fault. Judgment for the owner of the Edward T was entered against the Evelina and her owner for the damage sustained by the Edward T. On appeal, as before the district court, the appellant admitted the negligence and fault of the Evelina in its violation of International Rule 26[1] in not keeping out of the way of the Edward T, in violating Rule 22,[2] by attempting to cross ahead of the Edward T, and in violating Rule 23[3] by failing to slacken speed, stop or reverse. The appellant urges before us, as he urged without success before the district court, that the rule of divided damages is applicable because of the contributing negligence and fault of the Edward T in (a) failing to take steps to avoid collision as required by Rule 21;[4] (b) in changing course without giving a signal as directed by Rule 28;[5] (c) in failing to stop her engine which is asserted to be a violation of Rule 29;[6] and (d) in failing to sound a danger signal pursuant to Rule 12.[7]
 
 
 4
 The presumption, sometimes referred to as The Pennsylvania case doctrine, is, in that case, thus stated:
 
 
 5
 'When, as in this case, a ship at the time of a collision, is in actual violation of a statutory rule intended to prevent collision, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.' The Pennsylvania, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148.
 
 
 6
 This rule is not a rule of liability. It creates a shifting of the burden of proof as to causation. The Aakre, 2 Cir., 1941, 122 F.2d 469, certiorari denied Waterman v. The Aakre, 314 U.S. 690, 62 S.Ct. 360, 86 L.Ed. 552. Where neither vessel has strictly complied with the statutory rules, and such is the case before us, we have said that
 
 
 7
 'All of these presumptions, in the final analysis, are mere aids to the court in getting at the right of the matter, and their relative weight must depend upon the circumstances of the particular case.' Coyle Lines v. United States, 5 Cir., 1952, 195 F.2d 737, 739.
 
 
 8
 The district court found the Evelina to be wholly at fault and that her gross negligence was sufficient in itself to account for the collision. In such a situation faults of the other vessel, not shown to contribute to the collision, will not condemn the other vessel to pay half the damages. Compania De Maderas De Caibarien, S.A. v. The Queenston Heights, 5 Cir., 1955, 220 F.2d 120. The district court found that the Evelina had placed the Edward T in an in extremis position justifying the turn to port without signal. Where the master of a vessel, placed in a situation of peril not of his making, has, acting within the bounds of reason, done that which at the time and under the stress and strain of the moment seemed to be the best thing to do, he will not be charged with fault by second guessing after the event. This rule has been stated in these words:
 
 
 9
 'The action which the navigator of the privileged vessel may take in the stress of immediate peril to his vessel and himself resulting from wrong maneuvers by the burdened vessel is not to be too freely criticised by those who navigating from the witness chair after the event may think that another course might have been better. In such circumstances an honest error in judgment by the navigator is not to be imputed as a fault to the privileged vessel.' The Gulfstar, 3 Cir., 1943, 136 F.2d 461, 465. See The Elizabeth Jones, 112 U.S. 514, 5 S.Ct. 468, 28 L.Ed. 812; The Oregon, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943.
 
 
 10
 Failure on the part of the Edward T to follow the Rules there might have been, but the question is whether there was fault which was a contributing cause to the collision. The record does not require such a finding. The district court found otherwise. We may not set aside the district court's judgment unless it is clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; C. J. Dick Towing Co. v. The Leo, 5 Cir., 1953, 202 F.2d 850. We find the district court's judgment not to be clearly erroneous. Cf. C. J. Dick Towing Co. v. The Leo, supra; Societa Anonima Navigazione Alta Italia v. Oil Transport Co., 5 Cir., 1956,232 F.2d 422. The judgment is
 
 
 11
 Affirmed.
 
 
 
 [1]
 'All vessels not engaged in fishing shall, when under way, keep out of the way of any vessels fishing with nets or lines or trawls.' 33 U.S.C.A. § 146j
 
 
 [2]
 'Every vessel which is directed by sections 146-146k of this title to keep out of the way of another vessel shall, if the circumstances of the case admit, avoid crossing ahead of the other.' 33 U.S.C.A. § 146f
 
 
 [3]
 'Every power-driven vessel which is directed by sections 146-146k of this title to keep out of the way of another vessel shall, on approaching her, if necessary, slacken her speed or stop or reverse.' 33 U.S.C.A. § 146g
 
 
 [4]
 'Where by any of sections 146-146k of this title one of two vessels is to keep out of the way, the other shall keep her course and speed. When, from any cause, the latter vessel finds herself so close that collision cannot be avoided by the action of the giving-way vessel alone, the also shall take such action as will best aid to avert collision.' 33 U.S.C.A. § 146e
 
 
 [5]
 'When vessels are in sight of one another, a power-driven vessel under way, in taking any course authorized or required by sections 144-147d of this title, shall indicate that course by the following signals on her whistle, namely:-- * * * Two short blasts to mean 'I am altering my course to port.' * * *' 33 U.S.C.A. § 147(a)
 
 
 [6]
 'Nothing in sections 144-147d of this title (the International Rules for Preventing Collisions at Sea) shall exonerate any vessel, or the owner, master or crew thereof, from the consequences of any neglect to carry lights or signals, or of any neglect to keep a proper look-out, or of the neglect of any precaution which may be required by the ordinary practice of seamen, or by the special circumstances of the case.' 33 U.S.C.A. § 147a
 
 
 [7]
 'Every vessel or seaplane on the water may, if necessary in order to attract attention, in addition to the lights which she is by sections 145-145n of this title required to carry, show a flare-up light or use a detonating or other efficient sound signal that cannot be mistaken for any signal authorized elsewhere under said sections.' 33 U.S.C.A. § 145j