**PARKER TOWING CO. and General Transportation, Inc., Plaintiffs-Appellants,**

v.

**YAZOO RIVER TOWING, INC., and Warrior Tombigbee Transportation Co., Inc., and Barge Wit 24, Defendants-Appellees.**

No. 85–7535.

United States Court of Appeals, Eleventh Circuit.

July 21, 1986.

G. Hamp Uzzelle, III, Mobile, Ala., for plaintiffs-appellants.

Ernest Lane, III, Greenville, Miss., for defendants-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this admiralty appeal, we review the district court's findings and orders regarding negligence, apportionment of fault, damages, and prejudgment interest. We affirm in part, reverse in part, and remand.

## BACKGROUND

Yazoo River Towing, Inc. (Yazoo River), owner and operator of the M/V Jim Pierce, entered into a contract with Warrior Tombigbee Transportation Company, Inc. (Warrior Tombigbee) to tow barges. On July 18, 1983, the Jim Pierce crew moored six of Warrior Tombigbee's barges to the right descending bank of the Black Warrior River at Mile 222.7. The barges were arranged to form a rectangular box of two rows of three barges each, tied side-to-side and stern-to-stern. Each barge was 195 feet long and 35 feet wide, making the total length of the fleet 390 feet and the total width, 105 feet. The WTT–24 was the downstream outboard barge in the fleet. The Jim Pierce crew placed battery operated lights on the outboard edge of the outer barges. The batteries were only capable of providing power for three days.

On July 25, 1983, the M/V General Washington, a tugboat owned by American General Transportation, Inc. (American General), proceeded upstream on the Black Warrior River pushing barges PTC–502 and PTC–503 owned by Parker Towing Co. (Parker Towing). The barges were made up abreast of each other with the PTC–502

on the port side. Each barge was 300 feet long and 54 feet wide, making the total width of the General Washington's tow 108 feet. Below Mile 222.7 the Black Warrior River bends to the right descending bank, curving back to the north. The distance from the bite of the bend to the Mile 222.7 fleeting area is about one mile.

Captain Paul Glass, operating the M/V General Washington at two-thirds throttle and steering a course between the middle of the river and the right descending bank, approached the bend at approximately 8:45 p.m. He did not post a lookout on the bow of his tow; nor did he turn on his search light or radar which was installed onboard the tug and in good working order. After negotiating the bend, the General Washington's tow ran into the Warrior Tombigbee's moored barges which, by this time, had no lights burning. Upon impact, the PTC–502 rode up onto the WTT–24, dislodging it and the barge linked to its stern, sending them floating out into the river. As a result of the allision, the PTC–502 was out of service for repairs from approximately August 15, 1983, to September 18, 1983. American General did not operate the General Washington or PTC–503 while the PTC–502 was being repaired.

On June 24, 1984, Parker Towing and American General brought this action against Yazoo River and Warrior Tombigbee in personam and the barge WTT–24 in rem seeking compensation for the damage sustained by barge PTC–502 as a result of the allision. Warrior Tombigbee appeared and claimed the barge WTT–24 and answered on its own behalf and on behalf of the barge. The court tried the case without a jury, and on June 5, 1985, entered an order in favor of Yazoo River. Subsequently, on July 18, 1985, the court entered findings of fact and conclusions of law apportioning 85 percent of the fault for the allision to Parker Towing and American General and 15 percent of the fault to Warrior Tombigbee and the WTT–24. The court denied Parker Towing and American General's claim for loss of use of the PTC–502, and assessed the remaining damage claims at $34,565.48. The court did not award prejudgment interest. Accordingly, a judgment of $5,184.82 was entered in favor of Parker Towing and American General.

## DISCUSSION

On appeal, Parker Towing and American General present four contentions: (1) that they were not negligent in causing the allision; (2) that even if they were negligent, the district court erred in apportioning only 15 percent of the fault to Warrior Tombigbee; (3) that they were entitled to recovery for loss of use of the PTC–502 while it was being repaired; and (4) that they were entitled to prejudgment interest.

### 1. Cause of the allision.

The district court found that Parker Towing and American General (1) violated Rule 5, Inland Navigational Rules, 33 U.S.C.A. § 2005 (West Supp.1985), by failing to post a lookout, (2) violated 33 U.S.C.A. § 2007(a)–(b) (West Supp.1985) by failing to use radar, and (3) caused the allision by failing to keep a proper lookout and avoiding a known fleeting area. The district court also found that Warrior Tombigbee was negligent in failing to maintain lights on its fleet in violation of 33 C.F.R. § 88.13(a)(3) (1983).

Parker Towing and American General contend that they did not violate the navigational rules and that Warrior Tombigbee's failure to properly light its fleet in violation of the rules was the chief cause of the allision. They also contend that the district court erred in failing to shift the burden of proof pursuant to the *Pennsylvania* rule. This rule, established in *THE PENNSYLVANIA*, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148 (1873), provides that a ship which violates a statutory rule of navigation intended to prevent allisions has the burden of showing "not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been." *THE PENNSYLVANIA*, 19 Wall. at 136, 22 L.Ed. at 151. Warrior Tombigbee contends that the

district court correctly concluded that the rule was inapplicable because both parties were guilty of statutory violations.

Our standard for reviewing district court findings in admiralty cases is well settled. In *McAllister v. United States*, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20, 24 (1954), the Supreme Court stated that "in reviewing a judgment of a trial court, sitting without a jury in admiralty, the court of appeals may not set aside the judgment below unless it is clearly erroneous." *See also Allied Chemical Corporation v. Hess Tankship Company of Delaware*, 661 F.2d 1044, 1050 (5th Cir.1981); *Daniels Towing Service, Inc. v. Nat Harrison Associates, Inc.*, 432 F.2d 103 (5th Cir.1970) (clearly erroneous standard employed notwithstanding appellant's "vigorous broad side" against the findings of the lower court). After a review of the record, we are convinced that the district court's findings are not clearly erroneous.

Warrior Tombigbee does not contest the district court's finding that it violated the navigational rules by failing to light its fleet. Parker Towing and American General contend that the district court "clearly erred" in finding that they violated navigational rules by failing to post a lookout or use a spotlight or radar. We disagree. After reviewing the record, we are not left with "a definite and firm conviction that a mistake has been made." *McAllister v. United States*, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20, 24 (1954).

■ The district court did not fail to apply the *Pennsylvania* rule. When both vessels involved in the allision are operating in violation of statutes designed to prevent such mishaps, the rule requires "the district court to find that the statutory fault of both vessels contributed to the accident, unless it [finds] that the fault of either (or of both, for that matter) could not have been a cause of the collision." *Otto Candies, Inc. v. MV Madeline D*, 721 F.2d 1034, 1036 (5th Cir.1983). In the instant case, the district court explicitly stated that both parties were responsible for the allision and apportioned fault accord-

ingly. The district court did not "clearly err" in either finding that Parker Towing and American General's negligence was the primary cause of the allision or in apportioning Parker Towing and American General 85 percent of the fault.

## 2. Prejudgment interest.

■ Parker Towing and American General also claim that they should have been awarded prejudgment interest. In *Noritake Company, Inc. v. MV Hellenic Champion*, 627 F.2d 724, 728 (5th Cir. 1980), this court's predecessor stated:

> As a general rule prejudgment interest should be awarded in admiralty cases— not as a penalty, but as compensation for the use of funds to which the claimant was rightfully entitled. Discretion to deny prejudgment interest is created only when there are 'peculiar circumstances' that would make it inequitable for the losing party to be forced to pay prejudgment interest.

Whether such peculiar circumstances exist is an inquiry subject to the clearly erroneous standard of review. *Noritake* at 729. The court's overall decision on whether to award prejudgment interest is governed by the abuse of discretion standard. *Noritake* at 729.

■ The existence of a genuine dispute regarding liability is one "peculiar circumstance" which may warrant denial of prejudgment interest. *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1217 (5th Cir.1980). The existence of such a peculiar circumstance is generally assumed in cases of apportioned fault. *See Inland Oil and Transport Co. v. Ark-White Towing*, 696 F.2d 321, 328 (5th Cir.1983) ("our cases have consistently upheld denials of prejudgment interest in cases apportioned fault").

■ In this case, the district court failed to enunciate its reason for denying prejudgment interest. Nonetheless, we find no abuse of discretion because a peculiar circumstance—the existence of a genuine dispute regarding liability—is present. *See*

 

*Noritake* at 730 (court of appeals may infer that district court found peculiar circumstances if record supports such an inference).

3. Loss of use of the PTC–502.

In denying Parker Towing and American General's claim for loss of use, the district court stated:

21. ·Plaintiffs claim damages for loss of use of the barge. However, Mr. Norman McAlister, president of American General Transportation, admitted that he did not solicit work while the PTC–502 was being repaired. The court finds that the damages from loss of income and for loss use are too speculative in nature. The court thus disallows all damages for loss of use and lost time. *Bolivar County Gravel Co. v. Thomas Marine Co.,* 585 F.2d 1306 (5th Cir.1978).

Parker Towing and American General contend that the district court applied the wrong legal standard in holding that they could not prevail on their claim for loss of use. They claim the district court ruled against them because they did not solicit work for the barge while it was being repaired. Warrior Tombigbee contends that the district court correctly denied Parker Towing and American General's claim for loss of use of the barge because they failed to present credible evidence from which the district court could have based such an award.

■ It is well settled that a plaintiff may recover income lost as a result of an allision where the loss can be proved with reasonable certainty. *Skou v. United States,* 526 F.2d 293 (5th Cir.1976); *Delta Marine Drilling Co. v. MV Baroid Ranger,* 454 F.2d 128 (5th Cir.1972). Such a claim may not be disallowed, however, merely because the claimant is unable to prove the loss of a specific contract due to the vessel being out of commission for repairs. *Delta S.S. Lines, Inc. v. Avondale Shipyards, Inc.,* 747 F.2d 995, 1001 (5th Cir.1984) (citing *Skou v. United States,* 526 F.2d 293, 298 (5th Cir.1976)). After reviewing the district court's findings, we are unable to ascertain precisely why Parker Towing and American General's claim for loss of use was considered "too speculative." Thus, we are compelled to remand for the district court to set forth a more detailed and precise explanation for disallowing the claim.

### CONCLUSION

We affirm that portion of the district court's order regarding negligence, apportionment of fault, and prejudgment interest. We remand for the district court to reconsider its findings on this issue and enter more specific findings on Parker Towing and American General's claim for damages for loss of use of their barge.

AFFIRMED in part, VACATED and REMANDED in part.