VANCE, Circuit Judge:
 

 Appellant Reichert was awarded $50,000 for injuries to his thumb sustained in an accident aboard defendants’ ship while Reichert was repairing the ship’s engine. A district court jury found that Reichert had suffered $200,000 in damages, but that he had been 75 percent contributorily negligent. Reichert challenges the district court’s ruling allowing the contributory negligence defense and the court’s refusal to award prejudgment interest. We affirm.
 

 The Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C. § 905(a), provides that
 

 [t]he liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee ..., except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee ... may elect ... to maintain an action at law or in admiralty for damages____ In such action the defendant may not plead as a defense ... that the injury was due to the contributory negligence of the employee.
 

 Defendants did not have compensation insurance covering Reichert; neither did Reichert’s employer, MAN, the company with which defendants had contracted for the engine repair.
 

 Reichert acknowledges that he was not an employee of defendants and that MAN was not a “subcontractor” of defendants. Under the LHWCA, therefore, defendants were not obligated to provide compensation coverage for Reichert.
 
 See
 
 33 U.S.C. § 904(a). Nevertheless, Reichert claims that because
 
 MAN
 
 did not provide him with coverage,
 
 defendants
 
 should not have been permitted to raise a contributory negligence defense. He argues that under section 905(a), if an injured worker’s “employer” has failed to provide coverage as required, then any “defendant” in a tort action may not argue contributory negligence.
 

 Reichert’s argument fails to take into account the structure of section 905(a). The subsection states that an employer’s liability for compensation shall be exclu
 
 *1551
 
 sively that prescribed in section 904
 
 except that
 
 if the employer does not secure coverage the employee may maintain a lawsuit. The words “except that” indicate that the reference to legal action was intended to be an exception to the usual limited liability established in the previous clause. Congress simply provided that an employer which provides compensation coverage may not be sued, but one which does not provide coverage may be sued.
 

 It would make no sense to interpret the reference to a lawsuit to apply to legal action against
 
 any
 
 defendant, because a defendant who is not deemed to stand in the shoes of an employer may be sued
 
 regardless
 
 of whether the employer provided compensation coverage.
 
 See
 
 33 U.S.C. § 933(a). Section 905(b), in fact, expressly permits an action against a vessel owner.
 
 [1]
 

 It is thus clear that when Congress provided that “[i]n
 
 such action
 
 the defendant may not plead ... contributory negligence,” it was referring to an action brought
 
 under the exception to the employer’s limited liability.
 
 In this context, the word “defendant” refers only to a defendant, such as an employer, which has lost its limited liability because of a failure to provide compensation. Nonemployer vessel owners such as defendants here are never protected by section 905(a)’s limitation of liability. They cannot lose a protection they never had, and thus cannot be “defendants” under section 905(a).
 

 This reading of the provision is supported by common sense. It is logical to override the defense of contributory negligence as it relates to a defendant who has breached a duty to provide compensation coverage. Having failed to provide compensation, under which the plaintiff’s fault would be irrelevant, such a defendant is reasonably prevented from shifting all or part of the financial burden of an accident to the worker in a tort action. It would make little sense, however, to extend the rule to defendants with no obligation to provide a particular worker with coverage. Such defendants would, in effect, be punished for violations of LHWCA for which they were not responsible.
 

 We also reject Reichert’s contention that the district court erred in not awarding prejudgment interest, although as a general rule it should be awarded in admiralty cases.
 
 Drake Towing Co. v. Meisner Marine Construction Co., 765
 
 F.2d 1060, 1068 (11th Cir.1985);
 
 Noritake Co. v. M/V Hellenic Champion,
 
 627 F.2d 724, 728-29 (5th Cir.1980);
 
 McCormack v. Noble Drilling Corp.,
 
 608 F.2d 169, 175 (5th Cir.1979). For prejudgment interest to be proper there must be some way for the court to determine the correct amount to award. Here, the jury’s lump sum damage award presumably was intended to compensate Reichert for both past and future damages. As to future damages, however, prejudgment interest is inappropriate. The judge therefore had no way to determine upon what portion of the judgment, if any, to award prejudgment interest. Reichert does not contend that he had asked for and been refused a jury instruction on prejudgment interest, or an instruction that the jury should return an itemized verdict. Under these circumstances the district court did not abuse its discretion in refusing to make a guess as to the appropriate amount of prejudgment interest.
 

 AFFIRMED.
 

 [1]
 

 . The section refers to an action against a "vessel,” but the action need not actually be brought in rem.
 
 See, e.g., Scindia Steam Navigation Co. v. De Los Santos,
 
 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981) (section 905(b) action brought against shipowner).