HIGHTOWER, Judge.
After a district court ruled in its favor by denying injunctive relief, the City of Shreveport appeals a certain portion of the judgment which set forth an adverse finding. Although affirming, we find the assailed segment to be superfluous and, accordingly, order the challenged language deleted.

*866
Facts and Procedural History

Upon receiving the requisite notice, Tay-seer I. Abdelsalam, owner of Madison Street Grocery (“Madison”), appeared before the Shreveport City Council on March 30, 1993 to show cause why the store’s permit to sell alcoholic beverages should not be suspended or revoked. After a six-and-one-half-hour hearing, during which the city presented evidence of several violations including sales of alcohol to minors and on Sundays, the coun-cilmembers unanimously voted to revoke Madison’s liquor license.
In one response, Abdelsalam sought from the district court an injunction precluding the city from taking further action in the matter. Although agreeing that the council did not accord the licensee due process, the district judge denied relief after concluding that any procedural problems could be corrected upon the trial de novo, which would transpire in the course of a separate action simultaneously instituted by the store owner pursuant to LSA-R.S. 33:478s.[1] The City of Shreveport now seeks to “reverse” that portion of the judgment finding the council proceedings unconstitutional.

Discussion

The petition for injunctive relief sought to bar the City of Shreveport from pursuing the revocation of any liquor license in the name of either Madison or Abdelsalam. On April 21, 1993, the trial court rejected plaintiffs’ demands but included a “decree,” within the judgment, that the Shreveport City Council proceedings violated the constitutional guarantees of due process. Thus, although the petitioners established one element of their case, the city ultimately prevailed and none of the prayed-for relief ensued. Importantly, the plaintiffs did not appeal. Moreover, they noted an objection to the inclusion of the now-challenged portion of the judgment.
When written reasons for judgment are assigned, they shall be set out in an opinion separate from the judgment. LSA-C.C.P. Art. 1918. Put otherwise, a judgment should not properly include reasons for judgment. Hence, in the case sub judice, the finding anent the constitutional violation appropriately should have been discussed within the trial court’s expressed reasons, but without incorporation in its formal judgment. Furthermore, an appeal lies only from the judgment, and not from the reasons. LSA-C.C.P. Arts. 1918, 2083; Walsworth v. Mun. Fire & Police Civ. Serv., 567 So.2d 712 (La.App. 2d Cir.1990). But cf. Acadian Heritage Realty v. City of Lafayette, 425 So.2d 388 (La.App. 3d Cir.1982) (allowing the appeal of a favorable judgment which, nonetheless, imputed that the appellants had been guilty of contemptuous acts).

Conclusion

Because the language of which the City of Shreveport complains is superfluous to the denial of relief and more correctly should be contained within the district court’s opinion, we order the challenged portion of the judgment, that is, the reference to the constitutional violation, deleted. Accordingly, as amended, the judgment of the trial court is affirmed. Costs are assessed to appellant, limited to those applicable by law.
AFFIRMED AS AMENDED.
BROWN, J., concurs with written reasons.

. Eventually, in the separate appeal suit, the district judge suspended the license for six months and imposed a fine, after finding that the city proved the alleged violations.