Richard D. McDILL

v.

VSSI TOKYO, INC.

Civil A. No. G–94–786.

United States District Court,
S.D. Texas,
Galveston Division.

March 25, 1996.

Stephen M. Vaughan and Eliot P. Tucker, Mandell & Wright, Houston, TX, for Richard D. McDill.

Michael Don Williams, Brown Sims Wise & White, Houston, TX, for Cigna Insurance Company of Texas.

Kenneth D. Kuykendall, Royston Rayzor Vickery & Williams, Houston, TX, for VSSI Tokyo, Inc.

## *ORDER*

KENT, District Judge.

The Plaintiff brought this action against the Defendant pursuant to section 905(b) of the Longshore & Harbor Workers' Compensation Act, and was awarded $981,421.00 by the jury. On March 1, 1996, the Court entered an Interim Judgment reflecting the jury's verdict, assessing costs against the Defendant, and awarding the Plaintiff pre- and post-judgment interest as appropriate. During the course of the preparation of the Final Judgment, certain issues have arisen that require the attention of the Court.

### I. Court Costs

The Plaintiff's proposed Final Judgment submitted to the Court includes a specific dollar amount for taxable costs. The Defendant objected to portions of the Plaintiff's proposed Final Judgment, including the costs sought by the Plaintiff. However, through a letter sent to the Court's case manager, it appears that the parties have now agreed to the amount of costs the Plaintiff is entitled to recover. This dispute over costs demonstrates that the attorneys in this action are not aware of the procedure this Court follows in assessing costs. Therefore, for the benefit of the parties to this and future matters before the Court, the Court takes this opportunity to clarify the issue.

If the Court assesses taxable costs against a party, the amount of those costs shall not be included in the Final Judgment. Instead, in accordance with Rule 4B of the Local Rules of the Southern District of Texas, an application for costs must be made by filing a bill of costs within ten days *after* the entry of a Final Judgment. Any objections must be filed within five days after the filing of the bill of costs. If there are no objections, the costs will be assessed by the Clerk of Court. Upon receipt of objections to the bill of costs, the Court will rule on the matter or, if further information is required, may order a hearing or direct the parties to further brief the issue. Any costs awarded by this Court will strictly conform with the limits set forth in 28 U.S.C. § 1920. Therefore, to avoid unnecessary delay and debate, the Court encourages the party to whom costs have been awarded to carefully scrutinize its costs and submit only those clearly authorized by section 1920.

The assessment of costs against the Defendant in this case shall be made in accordance with the procedures outlined above. The amount of costs to be assessed will not be

included in the Final Judgment, and the Plaintiff shall submit his bill of costs within ten days after entry of the Final Judgment. While it appears that the parties have reached an agreement as to the proper amount of costs to be awarded, should the Defendant object to the Plaintiff's bill of costs once filed, the Defendant must file its formal objections within five days thereafter. An informal letter to the Court's case manager is not a proper means of presenting objections to the Court.[1]

## II. Pre-judgment Interest

The Plaintiff's proposed Final Judgment includes pre-judgment interest at the rate of 4.25%, the amount awarded by the Court after receiving the jury's verdict, on the full amount awarded by the jury for the Plaintiff's pain and suffering, medical expenses, loss of household services, and loss of earning capacity in the past. In addition, CIGNA Insurance Company of Texas, the intervening compensation carrier in this case, seeks pre-judgment interest at the rate of 4.25% on the full amount of its lien, plus interest at the rate of 5% on any benefits paid between the date of trial and the entry of final judgment. The Defendant objects to any award of pre-judgment interest for future damages awarded by the jury, and also objects to the pre-judgment interest sought by the Intervenor.

### A. Future Damages

 In maritime actions, including actions brought under section 905(b) of the Longshore & Harbor Workers' Act, the award of pre-judgment interest is "the rule rather than the exception, and, in practice, is well-nigh automatic." *Reeled Tubing, Inc. v. M/V Chad G,* 794 F.2d 1026, 1028 (5th Cir. 1986); *accord Couch v. Cro–Marine Transport, Inc.,* 44 F.3d 319, 327–28 (5th Cir.1995). This Court has discretion to deny pre-judgment interest only where there are "peculiar circumstances" making it inequitable for the losing party to be forced to pay pre-judgment interest. *See, e.g., Orduna S.A. v. Zen–Noh Grain Corp.,* 913 F.2d 1149, 1157 (5th Cir.1990); *Todd Shipyards v. Turbine*

*Serv., Inc.,* 674 F.2d 401, 415 (5th Cir.), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). However, while pre-judgment interest is generally awarded in maritime actions, it may not be awarded with respect to future damages. *Couch,* 44 F.3d at 328; *Boyle v. Pool Offshore Co., Div. of Enserch Corp.,* 893 F.2d 713, 719 (5th Cir. 1990); *Martin v. Walk, Haydel & Assocs., Inc.,* 794 F.2d 209, 212 (5th Cir.1986). Here, while the interrogatories to the jury required a separate finding of the amount of past loss of earning capacity, the interrogatories did not require the jury to separate the awards for pain and suffering, medical expenses, or loss of household services into past and future losses. Thus, the Defendant contends pre-judgment interest may be awarded only in connection with the Plaintiff's past loss of earning capacity.

 In both bench trials and jury trials where pre-judgment interest was improperly awarded as to the entire award, the Fifth Circuit has remanded the cases to the trial court for an allocation of the award into past and future damages. *See, e.g., Couch,* 44 F.3d at 328 (bench trial); *Boyle,* 893 F.2d at 719 (jury trial). However, where the issue is brought to trial court's attention before an appeal, the court has discretion to determine whether an allocation of the jury's award is proper. *See Brister v. A.W.I., Inc.,* 946 F.2d 350, 362 (5th Cir.1991) (where verdict form did not itemize past and future damages and plaintiff did not object, the trial court did not abuse its discretion in failing to award pre-judgment interest on portion of award that could be attributed to past damages).

While the Court is grateful that counsel for the Defendant has brought this issue to the Court's attention, the Defendant never raised the issue of pre-judgment interest and future damages before the jury returned its verdict. Although the verdict form proposed by the Defendant was more detailed than that proposed by the Court, during the numerous charge conferences held by the Court, the Defendant never argued that segregation of

---

1. In fact, many of the issues addressed in this Order were brought to the Court's attention by way of letter to the Court or to the Court's case manager. While the Court appreciates the attorneys' efforts to address issues promptly and in a cost-effective manner, the use of letters is not the proper way to resolve substantive legal disputes.

each element of damages into past and future losses was required so that a proper award of pre-judgment interest could be made. Likewise, the Plaintiff did not question how pre-judgment interest could be awarded absent separate interrogatories to the jury. Had either party timely raised this issue, the Court would have modified the verdict form, and the problem now before the Court would have been avoided.

Clearly, the Court could conclude that the Plaintiff waived his right to receive pre-judgment interest by failing to object to the jury interrogatories. *See Brister*, 946 F.2d at 362 (the district court "was not compelled to speculate as to how the jury would have apportioned the damages if it had been asked to do so."). However, the Court is not inclined to punish the Plaintiff by denying him interest to which he is clearly entitled because of an oversight by his attorney or this Court. Moreover, while the Court ordinarily would be hesitant to attempt to determine what proportion of the jury's award reflected past losses, the Court believes the evidence presented at trial is sufficient to allow the Court to make a reasoned allocation of damages, and believes the equities of the case require the Court to make such an allocation.

■ As to the award for pain and suffering and mental anguish, the Court believes that fifty percent of the jury's award should be allocated to the Plaintiff's past pain and suffering. The evidence presented at trial supports a substantial award for past pain and suffering, given that the Plaintiff suffered a severe injury to his wrist requiring multiple surgeries, including muscle and skin grafts. However, the evidence also supports a substantial award for future pain and suffering, considering that the evidence clearly established that, without additional surgery that would greatly reduce the range of motion in the Plaintiff's wrist, the Plaintiff will continue to suffer pain for the rest of his life. Thus, the Court believes apportioning fifty percent of the jury's award for pain and suffering to past damages is supported by the evidence and is consistent with jury's assessment of the Plaintiff's damages.

■ As to the jury's award for medical expenses, the Court believes the entire award should be allocated to past expenses. Other than analgesic care, the primary medical expense that the Plaintiff might incur in the future is an additional surgery to fuse some of the bones in his wrist. The Plaintiff testified he does not plan to undergo the wrist fusion because he is not willing to sacrifice substantial motion in his wrist for a decrease in pain and possible increase in strength. Moreover, during closing argument, the Plaintiff informed the jury that he was not seeking an award for future medical expenses. Thus, the Court concludes that the entire award for medical expenses represents the Plaintiff's past damages.

■ The final element of the jury's verdict for which an award of pre-judgment interest is appropriate is the loss of household services. While there certainly was evidence to support the jury's relatively small award for loss of household services, the testimony from the Plaintiff and his wife was rather general, and did not clearly distinguish between past and future losses. The Court, therefore, declines to apportion the jury's award for loss of household services, and will treat the entire award as representing the Plaintiff's future damages.

Accordingly, the Final Judgment to be entered in conjunction with this Order will include pre-judgment interest for the full amount of the awards for the Plaintiff's past loss of earning capacity and his medical expenses, as well as pre-judgment interest on one-half of the award for pain and suffering and mental anguish. To prevent this problem from arising again, the Court hereafter will require, in all cases where an award of pre-judgment interest may be appropriate, the use of jury interrogatories requiring a separate award for past and future damages for each element of damages.

### B. Intervenor's Claim

The Final Judgment proffered by the Plaintiff provides for the satisfaction out of the first sums awarded to the Plaintiff of the stipulated amount of the Intervenor's lien as of the date of trial, plus pre-judgment interest at the rate of 4.25%. In addition, the Plaintiff has agreed to the Intervenor's request that the Final Judgment include a

provision authorizing the recovery of any compensation and medical benefits paid between the date of trial and the date of the Final Judgment, together with interest at the rate of 5%.

█ The Defendant objects to the award of pre-judgment interest to the Intervenor. The Defendant first argues that the Intervenor waived its right to pre-judgment interest because pre-judgment is not specifically provided for in the Stipulation as to the amount of the Intervenor's lien. The Court disagrees. Absent other evidence, the Court concludes that simply stipulating to the amount of compensation benefits paid does not amount to a waiver of the right to recover pre-judgment interest.

█ The purpose of pre-judgment interest is to compensate a claimant for the use of funds to which the claimant is rightfully entitled. *Todd Shipyards*, 674 F.2d at 415. The Intervenor has made compensation and medical payments to the Plaintiff, and, because the jury determined that the Defendant was responsible for the Plaintiff's injuries, the Intervenor is entitled to repayment of those funds. Thus, the portion of the pre-judgment interest awarded to the Plaintiff on the sums paid by the Intervenor must be shifted to the Intervenor to compensate the Intervenor for the use of its funds. *See Howell v. Marmpegaso Compania Naviera, S.A.,* 578 F.2d 86, 87 (5th Cir.1978) (where pre-judgment interest is awarded to plaintiff, consistency requires that it also be awarded to the compensation carrier on the benefits paid by the carrier to the plaintiff).

Moreover, contrary to the Defendant's assertion, the Court finds that the award of pre-judgment interest in this case is consistent with the procedure set forth in *Randolph v. Laeisz,* 896 F.2d 964 (5th Cir.1990). In *Randolph,* the plaintiff was awarded $211,235.82 in past damages, to which a 10% prejudgment interest rate was applied. The judgment ordered the plaintiff to pay to the compensation carrier intervenor $59,196.55,

the amount of compensation and medical benefits received by the plaintiff. The Fifth Circuit found "implicit in the judgment that the proportionate interest earned on the sum owed to [the intervenor] should be paid to [the intervenor] and not retained by [the plaintiff]. Thus there is no 'double recovery' for [the plaintiff]." 896 F.2d at 969. Accordingly, the Court concludes the award of pre-judgment interest to the Intervenor in this case is proper,[2] and the Final Judgment entered in conjunction with this Order with provide for pre-judgment interest on the sums payable to the Intervenor.

IT IS SO ORDERED.

### *FINAL JUDGMENT*

Following a trial in the above captioned cause commencing February 26, 1996, before a jury, Honorable Samuel B. Kent presiding, the jury rendered a verdict in favor of the Plaintiff, Richard D. McDill, against the Defendant, VSSI Tokyo, Inc., in this case asserted under 33 U.S.C. § 905(b), a section of the Longshore & Harbor Workers' Compensation Act. In accordance with the jury's verdict in favor of Plaintiff McDill and the stipulation of the parties concerning CIGNA Insurance Company of Texas with respect to a lien, the Court issues the following Final Judgment.

It is **ORDERED** that judgment be entered in favor of Plaintiff Richard D. McDill on his claims under 33 U.S.C. § 905(b) of the Longshore & Harbor Workers' Compensation Act against Defendant VSSI Tokyo, Inc., and that Intervenor CIGNA Insurance Company of Texas have judgment against VSSI Tokyo, Inc., which shall be recovered out of the first sums awarded to the Plaintiff pursuant to this action.

It is further **ORDERED** that Plaintiff Richard D. McDill recover from Defendant VSSI Tokyo, Inc., as follows:

1. The sum of Fifty–Nine Thousand Nine Hundred Fifty and No/100 Dollars

---

2. The Defendant is obligated to pay to the Plaintiff the amount of the jury's verdict, plus prejudgment interest as provided herein; the sums due the Intervenor will be taken from that amount. Thus, the amount of prejudgment interest awarded to the Intervenor should be of no concern to the Defendant, because it has no impact on the total amount the Defendant is required to pay.

($59,950.00) for loss of earning capacity in the past, plus pre-judgment interest at the rate of 4.25%;

2. The sum of Six Hundred Five Thousand Two Hundred Twenty–One and No/100 Dollars ($605,221.00) for loss of earning capacity which in reasonable probability will be sustained in the future;

3. The sum of Two Hundred Sixty Thousand and No/100 Dollars ($260,000.00) for physical pain and suffering, disability, physical impairment, mental anguish and loss of capacity for enjoyment of life, experienced in the past or reasonably probable in the future, plus pre-judgment interest at the rate of 4.25% on One Hundred Thirty Thousand and No/100 ($130,000.00) of this amount, representing the Plaintiff's physical pain and suffering, disability, physical impairment, mental anguish and loss of capacity for enjoyment of life, experienced in the past;

4. The sum of Sixteen Thousand Two Hundred Fifty and No/100 Dollars ($16,-250.00) for reasonable medical expenses experienced in the past, plus pre-judgment interest at the rate of 4.25%;

5. The sum of Forty Thousand and No/100 Dollars ($40,000.00) for loss of household services experienced in the past and/or reasonably probable in the future.

The Plaintiff shall recover the total of the sums listed above from the Defendant, the sum of Nine Hundred Eighty–One Thousand Four Hundred Twenty–One and No/100 Dollars ($981,421.00) in damages, plus Twelve Thousand Two Hundred Sixty–Eight and 91/100 Dollars ($12,268.91) in pre-judgment interest as aforesaid, calculated from October 31, 1994, the date of injury, to March 25, 1996, the date of this judgment.

From the first sums awarded to Plaintiff Richard D. McDill in this action, the Intervenor, CIGNA Insurance Company of Texas, shall recover the sum of One Hundred Twenty Thousand Four Hundred Sixty–Four and 65/100 Dollars ($120,464.65), plus pre-judgment interest on that sum at the rate of 4.25% calculated from October 31, 1994, to March 25, 1996.

From the first sums awarded to Plaintiff Richard D. McDill in this action, the Intervenor, CIGNA Insurance Company of Texas, shall recover the additional compensation and medical benefits paid to or on behalf of the Plaintiff pursuant to the Longshore & Harbor Workers' Compensation Act between the date of trial and the date of this judgment, together with interest at the rate of 5% until paid.

The amount of this judgment consisting of the jury's verdict plus pre-judgment interest is Nine Hundred Ninety–Three Thousand Six Hundred Eighty–Nine and 91/100 Dollars ($993,689.91). That sum will draw post-judgment interest at the rate of 5% from March 26, 1996, until paid.

Let execution issue upon this judgment until it is fully paid. All relief not expressly granted herein is denied. This is a **FINAL JUDGMENT.**

**IT IS SO ORDERED.**