LGUIDRY, Judge.
This matter originated as a tort action filed pursuant to 33 U.S.C. § 905 by an employee (Elfredroe Love) against his employer (Apex Oil Company, Inc.) for injuries sustained in the course and scope of his employment as a deckhand on the Mississippi River. After being notified by the employer’s insurer that there was no longshoreman’s coverage for his claim, he instituted this action seeking to recover damages in tort for the defendant/employer’s failure to secure benefits under the Long-shore and Harbor Workers’ Compensation Act (LHWCA). The underlying issue is whether Apex had Longshore and Harbor Workers’ Compensation coverage for Mr. Love in effect at the time of the accident in question. The trial court ruled in favor of the plaintiff; defendant, Apex Oil Company, appeals.
At the trial level, the plaintiff filed a motion for a partial summary judgment asserting there is no genuine issue of material fact regarding whether the defendant had a workers’ compensation liability insurance policy providing Longshore and Harbor Workers Benefits for the injuries sustained by plaintiff on the date of the accident. The matter was submitted to the trial court on briefs on March 8, 1999, and taken under advisement.
*294 On July 26, 1999, the trial court issued a two-page document entitled “Written Reasons for Judgment” in which it concludes that there was no coverage at the time of the accident; therefore, plaintiffs suit in tort is proper. The second page of these written reasons states the following:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs motion for summary judgment is hereby granted.
THUS RENDERED AND SIGNED this 26th day of July, 1999 at Baton Rouge, Louisiana.
Although the foregoing language could be construed to be a judgment decree, it is part of a document entitled ‘Written Reasons for Judgment.” There is no separate document constituting a judgment in the record, nor does it appear that a 1 ¡¡proper judgment was ever executed. This is in violation of La. C.C.P. art. 1918, which clearly provides:
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.
(Emphasis added). Where there are only written reasons and no separate signed judgment, there is no final judgment. White v. West Carroll Hospital, Inc., 613 So.2d 150, 155 (La.1992) (emphasis added); Smith v. Audubon Insurance Company, 602 So.2d 720, 720-21 (La.1992); Madison Street Grocery v. City of Shreveport, 25,-532, p. 2 (La.App. 2 Cir. 2/23/94), 632 So.2d 865, 866; City of Kaplan v. Mayard, 616 So.2d 826 (La.App. 3 Cir.1993); Succession of Velasquez-Bain, 471 So.2d 731 (La.App. 4 Cir.), writ denied, 476 So.2d 354 (1985).
Apex Oil Company’s motion and order for appeal sought a devolutive appeal from “the judgment of July 26, 1999 which was certified as a final judgment on December 15, 1999.” Because our review of the record reveals no judgment document granting the motion for partial summary judgment, there can be no appeal. The record contains written reasons for judgment; however, reasons do not take the place of a final appealable judgment. Thus, the appeal is premature (see La. C.C.P. art. 1911) and is accordingly dismissed, at appellant’s, Apex Oil Company’s, costs.
APPEAL DISMISSED.