[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14449
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24687-KMW

EDGARDO LEBRON,

                                        Plaintiff – Appellant,

versus

ROYAL CARRIBEAN CRUISES, LTD.,

                                        Defendant – Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Edgardo Lebron appeals the district court's denial of his request for pre-judgment interest on a jury's lump sum damages award for pain and suffering in a federal maritime case.  Prejudgment interest is generally available for past pain-and-suffering damages, but unavailable for future pain-and-suffering damages.  *See Reichert v. Chemical Carriers, Inc.*, 794 F.2d 1557, 1559 (11th Cir. 1986).  Mr. Lebron contends that the district court abused its discretion by declining to attempt to apportion the lump sum award.  But Mr. Lebron did not request a jury instruction on pre-judgment interest, and nor did he request an itemized verdict distinguishing between past and future damages.  He also failed to provide the district court with an objective method by which to determine which portion of the jury's award was attributable to past pain and suffering.  We therefore find that the district court did not abuse its discretion, and affirm.

**I**

Mr. Lebron filed a complaint in the Southern District of Florida in November of 2016, asserting one count of negligence against Royal Caribbean Cruises, LTD, stemming from the maintenance of an ice-skating rink on a cruise ship.  Specifically, Mr. Lebron alleged that a broken lace on a skate and a gouge in the ice acted in conjunction to create a dangerous condition that caused him to fall and suffer a serious ankle fracture that required him to be airlifted and undergo surgery.

After a six-day trial in October of 2018, the jury returned a verdict in favor of the Mr. Lebron, awarding him $42,005.75 (later reduced to $10,734.21) in past medical expenses and $625,000 for pain and suffering.  This award was reduced to $406,250 in accordance with the jury's apportionment of 35 percent of the fault to Mr. Lebron. There was no jury instruction regarding prejudgment interest. Nor was there an itemized verdict distinguishing between past and future damages.

In December of 2018, the district court entered a directed verdict in favor of Royal Caribbean.  Mr. Lebron appealed, and we reversed and remanded, instructing the district court to reinstate the jury verdict.  *See Lebron v. Royal Caribbean Cruises, LTD.*, No. 19-10115, 818 F. App'x. 918 (11th Cir. 2020).

On remand, Mr. Lebron filed a motion to enter judgment.  He requested a total award of $470,414.86, which included a prejudgment interest rate of 4.17 percent, compounded annually, in addition to a post-judgment interest rate of 2.59 percent. In his reply brief supporting his motion to enter judgment, Mr. Lebron revised that figure and requested an award of $505,626.21, to reflect the increase in accrued interest while the case was pending on appeal.

The district court ruled that Mr. Lebron was entitled to prejudgment interest only with respect to past medical expenses.  The district court entered a final judgment of $418,937.48, consisting of $406,250.00 (65 percent of the jury's lump sum award of $625,000 for pain and suffering) and $12,687.4 ($10,734.21 for paid

3

medical bills with a prejudgment interest of 4.17 percent compounding annually), with the total sum to accrue post-judgement interest at a rate of 0.13 percent per annum.

Mr. Lebron then filed a motion for reconsideration, arguing that 75 percent of the lump sum for pain and suffering should be considered as an award for past damages and therefore should have a prejudgment interest rate applied. The district court denied the motion, noting that Mr. Lebron failed to provide an objective method by which to determine how much of the jury's lump sum award (for past and future pain and suffering) was attributable to past pain and suffering.

This appeal followed. Mr. Lebron argues that the district court abused its discretion in not awarding prejudgment interest on the lump sum damages award for pain and suffering.

## II

We review a district court's decision on prejudgment interest for abuse of discretion. *See Parker Towing Co. v. Yazoo River Towing, Inc.*, 794 F.2d 591, 594 (11th Cir. 1986). An abuse of discretion occurs if the district court "fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *See Federal Trade Commission v. WV Universal Management*, 877 F.3d 1234, 1239 (11th Cir. 2017).

4

## III

We have long recognized that, "[a]s to future damages [ ], prejudgment interest is inappropriate." *Reichert*, 794 F.2d at 1559. *See also Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir. 1987) ("Interest is not available on lost future wages and pensions."); *Pickle v. International Oilfield Divers, Inc.,* 791 F.2d 1237, 1241 (5th Cir. 1986) ("[A] victorious plaintiff has not suffered any delay in payment of [future damages], whether they have been discounted to present value or not, and hence there should be no prejudgment interest allowed on them."); *Valley Line Co. v. Ryan*, 771 F.2d 336, 377 (8th Cir. 1985) (prejudgment interest was held to be improperly awarded on damages for future medical expenses); *Williams v. Reading & Bates Drilling Co.*, 750 F.2d 487, 491 (5th Cir. 1985) (prejudgment interest may not be awarded with respect to future damages); *City of New York v. Bernstein*, 332 F.2d 1006, 1008 (2d Cir. 1964) ("To the extent that there are elements of future losses which are represented in the final damages prejudgment interest is, of course, not appropriate.").

We have said it is within a district court's discretion to award prejudgment interest for pain and suffering, and to undertake a calculation to determine what portion of an award is for past pain and suffering. *See, e.g., Reichert*, 794 F.2d at 1559. But we have never held that the district court is required to engage in such a

5

calculation. *See id.* ("the district court did not abuse its discretion in refusing to make a guess as to the appropriate amount of prejudgment interest").

Here, Mr. LeBron failed to provide an objective method for the district court to "determine upon which portion of the judgment, if any, to award prejudgment interest." *Id.* He initially argued that the entire lump sum pain-and-suffering award should accrue interest, and then in his motion for reconsideration took the position that only 75 percent of the award was attributable to past damages. To borrow from the district court, Mr. Lebron "arbitrarily pluck[ed] a number [ ] to speculate as to the jury's intention" when he offered an apportionment of 75 percent simply based on the fact that the majority of his testimony at trial focused on past pain. *See* D.E. 393 at 6.

Furthermore, Mr. Lebron does not argue that he had "asked for and been refused a jury instruction on prejudgment interest, or an instruction that the jury should return an itemized verdict." *Reichert*, 794 F.2d at 1559. After a jury returns a verdict, it is often too late to consider how the damages should have been calculated, proved, and awarded. *See Deakle v. John E. Graham & Sons*, 756 F.2d 821, 834 (11th Cir. 1985). "Relying on an appellate court to sort through the record and calculate the appropriate damages merely delays achieving a just and reasonably accurate final judgment." *Id.*

We do not suggest that there are no circumstances under which a district court may decide to apportion a lump-sum damages award after a jury has returned a verdict.  After all, out-of-circuit case law, cited by Mr. LeBron, indicates that it can be unfair to "punish a plaintiff by denying him interest… because of an oversight by his attorney."  *McDill v. VSSI Tokyo, Inc.*, 920 F. Supp. 727, 730 (S.D. Tex. 1996).  But we have declined to place the burden of correcting a party's error on the district court.  For prejudgment interest to be properly awarded, "there must be some way for the court to determine the correct amount to award," *Reichert,* 794 F.2d at 1559, and here Mr. LeBron failed to provide the district court with such a method.  The district court was well within its discretion to reject Mr. Lebron's method of simply looking at how much of the trial testimony referred to past pain—a proposal he only raised in his motion for reconsideration, after initially contending that the entire lump sum damages award was attributable to past pain and suffering.

## IV

We affirm the district court's final judgment and denial of Mr. Lebron's motion for reconsideration.

**AFFIRMED.**

7